This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

**v.**                                     **No. 30,382**

**EDGAR DOMINGUEZ-MERAZ,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**SUTIN, Judge.**

The State appeals from the district court's order dismissing one count of automobile burglary. *See* NMSA 1978, § 30-16-3(B) (1971). This Court issued a

calendar notice proposing to reverse. Defendant filed a memorandum in opposition to this Court's notice of proposed summary disposition. After due consideration of Defendant's arguments, we reverse.

The charge of automobile burglary at issue in this appeal arose from allegations that Defendant was in the process of removing the front wheels of a vehicle when apprehended by law enforcement officers. The district court dismissed the single count of automobile burglary, following Defendant's argument that his actions did not constitute an automobile burglary because he never physically entered the vehicle. [RP 44] In this Court's calendar notice, we relied on a recent opinion of this Court, *State v. Muqqddin*, No. 28,474, slip op. (N.M. Ct. App. May 5, 2010), *cert. granted*, __-NMCERT-__, __ N.M. __, __ P.3d __ (No. 32,430, Aug. 2, 2010), to propose summary reversal of the district court's decision. We noted that, in *Muqqddin*, this Court considered whether puncturing the gas tank of a vehicle and draining out the gas constituted automobile burglary, holding that it did. *Id.* ¶ 1. There, we stated that "[a] fuel tank—attached as it is, to a vehicle—is unquestionably *a part of* that vehicle and absolutely necessary for its primary function as a mode of transportation. Any penetration of a vehicle's perimeter is thus a penetration of the vehicle itself." *Id.* ¶ 11.

Moreover, we noted in our notice of proposed disposition that to the extent Defendant and the district court relied on Florida's interpretation of its statute to support dismissal, in *Muqqddin* we considered the applicability of *Drew v. State*, 773 So. 2d 46 (Fla. 2000) (holding that removing hubcaps and tires from a vehicle does not constitute automobile burglary, but at most the offense of larceny), and concluded that Florida's interpretation of its burglary statute was unpersuasive. *Muqqddin*, No. 28,474, slip op. at ¶¶ 12-13. Specifically, in *Muqqddin*, we stated that it is apparent "that Florida's burglary statute contemplates only vehicle compartments which can be entered either wholly or partially by a person; e.g., engine and passenger compartments, trunks, etc.," but that in New Mexico "a slight entry by use of an instrument is sufficient." *Id.* ¶¶ 12-13 (internal quotation marks and citation omitted). Thus, based on this Court's analysis in *Muqqddin*, we proposed to conclude that removal of a vehicle's wheels is sufficient to constitute burglary in violation of Section 30-16-3(B).

In his memorandum in opposition, Defendant argues that this Court's interpretation of the New Mexico burglary statute in *Muqqddin* was incorrect and continues to direct this Court to Florida's interpretation of its burglary statute for support. To the extent Defendant asks this Court to revisit its determination in *Muqqddin*, we decline to do so. Defendant points out that *Muqqddin* is currently

3

before our Supreme Court on a writ of certiorari. However, to the extent Defendant invites this Court to hold his case in abeyance pending a decision by our Supreme Court or to certify this matter to the Supreme Court pursuant to Rule 12-606 NMRA, we again decline to do so. *Muqqddin* is the latest pronouncement from this Court on this issue, and although certiorari has been granted, the Supreme Court has not reversed or overruled this Court's decision in *Muqqddin*. Until the Supreme Court does so, *Muqqddin* remains controlling precedent on which our courts are entitled to rely. *See Arco Materials, Inc. v. N.M. Taxation & Revenue Dep't*, 118 N.M. 12, 14, 878 P.2d 330, 332 (Ct. App. 1994), *rev'd on other grounds by Blaze Constr. Co. v. Taxation & Revenue Dep't*, 118 N.M. 647, 884 P.2d 803 (1994).

For the reasons stated in this opinion and in our notice of proposed disposition, we reverse.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____

4

**ROBERT E. ROBLES, Judge**